RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/23/10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**COMAR MARINE CORPORATION**     **DOCKET NO. 09-CV-1190**

**VERSUS**     **JUDGE RICHARD T. HAIK, SR.**

**COSTA FAMILY, L.L.C., ET AL.**     **MAG. JUDGE C. MICHAEL HILL**

## RULING

Before the Court, for decision without oral argument, is Defendants' Motion to Dismiss. [Doc. #11] Plaintiff filed suit *in personam* against Costa Family, LLC ("CFLLC") & Andrew Costa and *in rem* against the M/V Prevailer vessel. The lawsuit arises out of a Master Management & Operating Agreement for the management and maintenance of a vessel. Defendants have raised the instant Motion to Dismiss for improper venue [Doc. #11] because the master agreement contains a forum selection clause providing that jurisdiction and venue are *exclusively* in the Eastern District of Louisiana.

The United States Fifth Circuit Court of Appeal has stated that "forum selection clauses are to be enforced unless the forum selection clause is fundamentally unfair and therefore unreasonable." *Calix-Chacon v. Global Intern. Marine, Inc.*, 493 F.3d 507, 511 (5th Cir. 2007). Plaintiff has not argued that the clause is fundamentally unfair; in fact, it is Plaintiff who drafted the clause and selected the Eastern District of Louisiana as the designated forum.

Plaintiff asks in the alternative that, rather than dismiss the case, the Court transfer the case to the Eastern District pursuant to 28 U.S.C. §1404. Section 1404 provides that a court may transfer a suit for convenience of the parties; however, it presupposes that the action was brought in a proper venue. 28 U.S.C.A. §1404, *Commentary*. Because of the valid forum selection clause, venue was not proper in this Court. Therefore, Section 1404 is not applicable.

As Defendants point out, a transfer from an initially improper district is governed by §1406. That provision provides that, when venue is improper, the district court shall dismiss, or in the interest of justice, transfer the case to the proper district. Defendants argue that this is a case where it is not "in the interest of justice" to transfer because Plaintiff chose to bring suit in a forum other than the one it had selected for the agreement. The Court finds that transfer, rather than dismissal, is most efficient and in the interest of justice as the claim does not appear frivolous on its face and a transfer will not prejudice the defendant.

Therefore, Defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) is **DENIED**. However, it is hereby ordered that the case be **TRANSFERRED** to the Eastern District of Louisiana, pursuant to 28 U.S.C. §1406(a), for further proceedings.

Thus done and signed at Lafayette, Louisiana, this 23rd day of April, 2010.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE